ELECTRONICALLY FILED - 2026 Jan 07 2:49 PM - KERSHAW - COMMON PLEAS - CASE#2026CP2800010

**STATE OF SOUTH CAROLINA**

**COUNTY OF KERSHAW**

Candace Bethea,

                                    Plaintiff,

vs.

John Doe and Road Link Inc.,

                                    Defendants.

**IN THE COURT OF COMMON PLEAS**

**SUMMONS**
(Jury Trial Demanded)

**TO THE DEFENDANT ABOVE-NAMED:**

**YOU ARE HEREBY SUMMONED** and required to answer the complaint herein, a copy of which is herewith served upon you, and to serve a copy of your answer to this complaint upon the subscriber, at the address shown below, within thirty (30) days after service hereof, exclusive of the day of such service, and if you fail to answer the complaint, judgment by default will be rendered against you for the relief demanded in the complaint.

**MORGAN & MORGAN, P.A.**
By:      /s/Jonathan Graham
Jonathan D. Graham
Bar No. 105763
E-Mail: jgraham@forthepeople.com
4401 Belle Oaks Drive, Suite 300,
North Charleston, SC 29405
(843) 947-6063
*Counsel for Plaintiff*

Charleston, SC

January 7, 2026.

1

ELECTRONICALLY FILED - 2026 Jan 07 2:49 PM - KERSHAW - COMMON PLEAS - CASE#2026CP2800010

**STATE OF SOUTH CAROLINA**

**COUNTY OF KERSHAW**

| | |
|---|---|
| Candace Bethea,<br><br>                                  Plaintiff,<br><br>vs.<br><br>John Doe and Road Link Inc.,<br><br>                                  Defendants. | **IN THE COURT OF COMMON PLEAS**<br><br><br>**COMPLAINT**<br>(Jury Trial Demanded) |

Plaintiff Candace Bethea, by and through her undersigned attorney, complains of Defendants and alleges as follows:

**Parties, Venue, and Jurisdiction**

1.      Plaintiff Candace Bethea ("Plaintiff") is a member of the public who was injured in the crash that is the subject of this action (the "Crash"). At all relevant times, Plaintiff has been a resident and citizen of the State of South Carolina.

2.      Defendant John Doe, ("Defendant Driver") was driving the vehicle that smashed into Plaintiff and caused Plaintiff's injuries in the Crash. The residency of Defendant Driver is unknown as they fled the scene of the Crash.

3.      Defendant Road Link Inc., ("Defendant Company") is incorporated and has its principal place of business in Virginia.

4.      Upon information and belief, at the time of the crash, Defendant Driver was an agent of Defendant Company in the course and scope of that agency.

5.      On May 13, 2025, at the time of the Crash, Defendant Company was a for-hire motor carrier, operating the commercial motor vehicle involved in this wreck through its agent Defendant Driver, carrying goods for compensation in interstate commerce.

2

ELECTRONICALLY FILED - 2026 Jan 07 2:49 PM - KERSHAW - COMMON PLEAS - CASE#2026CP2800010

6.    Venue is proper in Kershaw County because the acts and omissions giving rise to this cause of action took place in Kershaw County, as further shown below.

7.    This Court has personal jurisdiction over the parties and subject matter jurisdiction over the issues involved in this case.

### General Factual Allegations

8.    On May 13, 2025, Defendant Driver was operating a commercial motor vehicle on Interstate 20 in Kershaw County, South Carolina.

9.    Defendant Driver and Plaintiff were both traveling west on Interstate 20. Defendant Driver was in the right-hand lane, while Plaintiff was in the left-hand lane.

10.    Defendant Driver failed to confirm the left-hand lane was clear before moving to left-hand lane, which was already occupied by the Plaintiff.

11.    In making this illegal lane change, Defendant Driver struck the passenger side of Plaintiff's vehicle.

12.    As a result of Defendant Driver's negligence, Plaintiff was injured and underwent medical treatment.

### FOR A FIRST CAUSE OF ACTION
(Negligence *per se* Defendant Driver)

13.    Plaintiff incorporates the foregoing paragraphs as if fully repeated verbatim here.

14.    Defendant Driver owed Plaintiff statutory duties, including the duty to maintain his lane of travel until he had determined it was safe to change lanes. *See, e.g.*, S.C. Code Ann. § 56-5-1900(a).

15.    Defendant Driver's violation of his statutory duties constitutes negligence *per se*.

16.    Defendant Driver's breach of his statutory duties, as described above, is not only negligence *per se*, but is also evidence of recklessness, willfulness, and wantonness sufficient to

ELECTRONICALLY FILED - 2026 Jan 07 2:49 PM - KERSHAW - COMMON PLEAS - CASE#2026CP2800010

entitle Plaintiff to compensatory, consequential, and punitive damages.

17.     Defendant Driver's violations of his statutory duties caused Plaintiff's damages, including but not limited to the following:

   a.   Past and future medical expenses,

   b.   Emotional distress and anxiety,

   c.   Physical pain and suffering,

   d.   Mental anguish,

   e.   Loss of enjoyment of life, to the detriment of Plaintiff's physical health and mental wellbeing, and

   f.   Other damages as will be shown in the discovery and trial of this case.

18.     Because Plaintiff was injured as a direct result of Defendant Driver's violations of his statutory duties described above, Plaintiff is entitled to compensatory and consequential damages for personal injuries and property damage in the amount the jury determines at the trial of this case.

19.     Defendant Driver's statutory violations also demonstrate such want of care as to show Defendant Driver was consciously indifferent to the health, rights, and safety of Plaintiff, and should thus pay punitive damages in the amount the jury determines appropriate to punish Defendant Driver for his reckless conduct, to discourage such reckless conduct in others, and to vindicate Plaintiff's private rights which Defendant Driver violated. Plaintiff also requests appropriate costs, attorney fees, and interest.

### FOR A SECOND CAUSE OF ACTION
(Negligence as to Defendant Driver)

20.     Plaintiff incorporates the foregoing paragraphs as if fully repeated verbatim here.

4

ELECTRONICALLY FILED - 2026 Jan 07 2:49 PM - KERSHAW - COMMON PLEAS - CASE#2026CP2800010

21.    Defendant Driver owed Plaintiff a common-law duty to do the following:

    a.  Keep a proper lookout,

    b.  Maintain appropriate attention on the road while driving,

    c.  Maintain his vehicle in a roadworthy manner,

    d.  Operate his vehicle in a safe manner and at a safe speed, and

    e.  Drive in a reasonably careful manner with respect for the rights and safety of others such as Plaintiff.

22.    Defendant Driver breached his duty to Plaintiff in one or more of the following ways:

    a.  Failing to keep a proper lookout,

    b.  Driving while distracted,

    c.  Failing to observe Plaintiff's vehicle,

    d.  Driving in an unreasonable and careless manner without thought for the rights and safety of others, including Plaintiff, as shall be further shown in the discovery and trial of this case.

23.    Defendant Driver's breach described above was not only negligent, but also grossly negligent, careless, reckless, willful, and wanton.

24.    Defendant Driver's negligent, grossly negligent, careless, reckless, willful, and wanton breach of his duty directly and proximately caused Plaintiff's injuries and Plaintiff's medical treatment. As a direct result of Defendant Driver's negligence, gross negligence, carelessness, recklessness, willfulness, and wantonness, Plaintiff has suffered or will suffer the following damages:

    a.  Past and future medical expenses,

ELECTRONICALLY FILED - 2026 Jan 07 2:49 PM - KERSHAW - COMMON PLEAS - CASE#2026CP2800010

    b.   Personal property damage,

    c.   Emotional distress and anxiety,

    d.   Physical pain and suffering,

    e.   Mental anguish,

    f.   Loss of enjoyment of life, to the detriment of Plaintiff's physical health and mental wellbeing, and

    g.   Other damages as will be shown in the discovery and trial of this case.

25.    Because Plaintiff were injured as a direct result of Defendant Driver's acts and omissions described above, Plaintiff are entitled to compensatory and consequential damages for their personal injuries and property damage in the amount the jury determines at the trial of this case.

26.    Defendant Driver's acts and omissions demonstrate such want of care as to show Defendant Driver was consciously indifferent both to the consequences of his acts and omissions and to the health, safety, and rights of Plaintiff's and others. Thus, in addition to Plaintiff's compensatory damages, Defendant Driver should also pay punitive damages in the amount the jury determines appropriate to punish Defendant Driver for his reckless conduct, to discourage such reckless conduct in others, and to vindicate Plaintiff private rights which Defendant Driver violated. Plaintiff also requests whatever costs, attorney fees, and interest to which this Court determines they are entitled.

### **FOR A THIRD CAUSE OF ACTION**
(Vicarious Liability as to Defendant Company)

27.    Plaintiff incorporates the foregoing paragraphs as if fully repeated here.

28.    At the time of the Crash, Defendant Driver was acting as agent on behalf of Defendant Company.

ELECTRONICALLY FILED - 2026 Jan 07 2:49 PM - KERSHAW - COMMON PLEAS - CASE#2026CP2800010

29.     Defendant Company, acting through its agent, is therefore vicariously liable for the negligent, careless, reckless, wanton, willful, and grossly negligent acts of Defendant Driver as set forth in the first and second causes of action.

30.     Plaintiff thus asks this Court to enter judgment ordering Defendant Company to pay compensatory, consequential, and punitive damages to Plaintiff, together with pre- and post-judgment interest and any other relief this Court deems just.

## FOR A FOURTH CAUSE OF ACTION

(Negligent Hiring, Training, Supervision, and Retention as to Defendant Company)

31.     Plaintiff incorporates the foregoing paragraphs as if fully repeated here.

32.     Defendant Company was negligent, careless, reckless, wanton, willful, and grossly negligent in hiring, training, supervising, or retaining Defendant Driver to operate a vehicle on Defendant Company's behalf in one or more of the following ways:

a. Failing to review Defendant Driver's driving history;

b. Failing to assess Defendant Driver's driving skill;

c. Hiring Defendant Driver to drive on Defendant Company's behalf despite Defendant Driver's history of unsafe driving;

d. Failing to have policies and procedures to train or monitor Defendant Driver, or if such policies and procedures were in place, failing to enforce them;

e. Failing to ensure Defendant Driver had proper training and experience to operate a vehicle for Defendant Company in a safe and effective manner; and

f. Otherwise failing to investigate Defendant Driver's skill and history with a vehicle, train Defendant Driver in proper driving procedures, supervise Defendant Driver's driving, to release Defendant Driver from employment due to safety issues, or otherwise act as a reasonable employer would under the same or similar circumstances.

ELECTRONICALLY FILED - 2026 Jan 07 2:49 PM - KERSHAW - COMMON PLEAS - CASE#2026CP2800010

33.     Defendant Company knew or should have known that hiring, training, supervising, or retaining Defendant Driver posed a risk of foreseeable harm to third parties.

34.     Defendant Company's breach of its duty constitutes an independent negligent action which proximately caused harms to Plaintiff as set forth in the first and second causes of action.

35.     Thus, in addition to being vicariously liable for the harm Defendant Driver caused, Defendant Company is also independently liable for those harms, as its own negligence also proximately caused those harms.

36.     Plaintiff thus asks this Court to enter judgment ordering Defendant Company to pay compensatory, consequential, and punitive damages to Plaintiff, together with pre- and post-judgment interest and any other relief this Court deems just.

### **FOR A FIFTH CAUSE OF ACTION**
(Negligent Selection of an Independent Contractor as to Defendant Company)

37.     Plaintiff incorporates the foregoing paragraphs as if repeated verbatim here.

38.     In the alternative, Defendant Driver may have been an independent contractor of Defendant Company.

39.     Defendant Company owed Plaintiff a duty to exercise reasonable care in selecting an independent contractor who was suitably competent and careful given the risk of harm associated with operating a commercial motor vehicle on public roadways.

40.     The risk of harm associated with operating a commercial motor vehicle on public roadways is significant.

41.     Defendant Company breached its duty of care in selecting an independent contractor because it knew or should have known that Defendant Driver was not suitably competent and careful given the significant risk of harm associated with operating a commercial

ELECTRONICALLY FILED - 2026 Jan 07 2:49 PM - KERSHAW - COMMON PLEAS - CASE#2026CP2800010

motor vehicle on public roadways.

42.     Defendant Company's negligent selection of Defendant Driver also proximately caused Plaintiff's harms as set forth in the first and second causes of action.

43.     Defendant Company is therefore independently liable for the harms it caused to Plaintiff through its negligent selection of Defendant Driver.

44.     Plaintiff thus asks this Court to enter judgment ordering Defendant Company to pay compensatory, consequential, and punitive damages to Plaintiff, together with pre- and post-judgment interest and any other relief this Court deems just.

**WHEREFORE**, Plaintiff asks this Court to order the Defendants pay her compensatory, consequential, and punitive damages in an amount the jury determines appropriate at trial, as well as such costs, attorney fees, and pre- and post-judgment interest as this Court determines she is entitled to, and such other relief as this Court determines is just.

**DEFENDANTS AND THEIR ATTORNEY ARE ADVISED THAT PLAINTIFF HAS SERVED DISCOVERY REQUESTS WITH THIS SUMMONS AND COMPLAINT, INCLUDING INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUESTS TO ADMIT. RESPONSES TO THESE DISCOVERY REQUESTS ARE DUE WITHIN 45 DAYS PER THE SOUTH CAROLINA RULES OF CIVIL PROCEDURE. IF DEFENSE COUNSEL LACKS COPIES OF ANY DISCOVERY REQUEST, CONTACT PLAINTIFF'S COUNSEL.**

**MORGAN & MORGAN, P.A.**
By:      /s/Jonathan Graham
Jonathan D. Graham
Bar No. 105763
E-Mail: jgraham@forthepeople.com
4401 Belle Oaks Drive, Suite 300,
North Charleston, SC 29405
(843) 947-6063
*Counsel for Plaintiff*

Charleston, SC

January 7, 2026

9

ELECTRONICALLY FILED - 2026 Jan 19 3:41 PM - KERSHAW - COMMON PLEAS - CASE#2026CP2800010

STATE OF SOUTH CAROLINA

COUNTY OF KERSHAW

Candace Bethea,

                Plaintiff,

vs.

John Doe and Road Link Inc.,

                Defendants.

IN THE COURT OF COMMON PLEAS
FOR THE SIXTH JUDICIAL CIRCUIT

CASE NO.: 2026-CP-28-00010

**AFFIDAVIT OF SERVICE**

Personally appeared before me the affiant who, being duly sworn, states that she is over eighteen years of age and is an employee of Morgan & Morgan, P.A. On January 19, 2026, the affiant served (1) the Summons and Complaint, (2) Plaintiffs' First Interrogatories to Defendant, (3) Plaintiffs' First Requests for Production to Defendant, (4) Plaintiffs' First Requests for Admissions to Defendant in this action on Defendant Road Link Inc. registered agent Robert D. Moseley Jr. by depositing those documents with the commercial delivery service Federal Express, tracking number 8879-6629-3634, to be delivered 4324 Wade Hampton Blvd Ste B, Taylor SC 29687. The delivery record for that tracking number, attached as **Exhibit A**, shows that Defendant Road Link Inc. registered agent Robert D. Moseley Jr. received and signed for the delivery on January 19, 2026 at 9:41 AM.

Sworn to before me this
19th day of January, 2026

_____
Notary Public of South Carolina

My Commission expires: 10/15/2035

_____
Affiant Signature

Brandi L. Reynolds
Notary Public State of South Carolina
My Commission expires October 15 2035

# EXHIBIT A

ELECTRONICALLY FILED - 2026 Jan 19 3:41 PM - KERSHAW - COMMON PLEAS - CASE#2026CP2800010

**FedEx**®

January 19, 2026

Dear Customer,

The following is the proof-of-delivery for tracking number: 8879-6629-3634

---

**Delivery Information:**

| | | | |
|---|---|---|---|
| **Status:** | Delivered | **Delivered To:** | Shipping/Receiving |
| **Signed for by:** | D.Dempsey | **Delivery Location:** | 4324 WADE HAMPTON BLVD |
| **Service type:** | FedEx Priority Overnight | | |
| **Special Handling:** | Deliver Weekday; Direct Signature Required | | TAYLORS, SC, 29687 |
| | | **Delivery date:** | Jan 19, 2026 09:41 |

---

**Shipping Information:**

| | | | |
|---|---|---|---|
| **Tracking number:** | 8879-6629-3634 | **Ship Date:** | Jan 16, 2026 |
| | | **Weight:** | 0.5 LB/0.23 KG |

**Recipient:**
Robert D. Moseley Jr. for Road Link, Moseley Marcinak Law Group LLP
4324 WADE HAMPTON BLVD STE B
TAYLORS, SC, US, 29687

**Shipper:**
MORGAN & MORGAN PA
4401 Belle Oaks Dr Fl 3
NORTH CHARLESTON, SC, US, 29405



D. DEMPSEY
#2, 09:42, 1 Del, 0 NonDel

Thank you for choosing FedEx

ELECTRONICALLY FILED - 2026 Jan 19 3:41 PM - KERSHAW - COMMON PLEAS - CASE#2026CP2800010