UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA



# CONFERENCE AND SCHEDULING ORDER
# AND RULE 26(F) REPORT FORM

JUDGE SHERIA AKINS CLARKE

# NOTICE TO COUNSEL

Attached please find a proposed scheduling order for your review and comment.  The Federal Rules of Civil Procedures and the Local Civil Rules (D.S.C.) require that, early in the litigation, counsel meet, confer, and submit certain information to the court. Some of the requested information is needed to formulate a scheduling order. The judges of this district have determined that the most feasible way of accomplishing this is for the court to enter a tentative scheduling order with a request that the parties meet and determine if the dates proposed by the court are acceptable.

The deadline for meeting and conferring in this case is set out in Paragraph 1 of the attached scheduling order. The parties must file a Rule 26(f) Report, available at www.scd.uscourts.gov/FORMS/index.asp, that indicates your acceptance of, or suggested changes to, the scheduling order. This is in addition to the requirements set forth in Local Civ. Rule 26.03 (D.S.C.). Any proposed amended scheduling order accompanying the Rule 26(f) Report should be emailed in Microsoft Word format to clarke_ecf@scd.uscourts.gov.

The Local Civil Rules for the District of South Carolina, as well as the forms referenced in this order, are available on this District's website at:

# www.scd.uscourts.gov

1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Candace Bethea, | ) | |
| | ) | |
| Plaintiff, | ) | **CA**: **3:26-cv-02686-SAC** |
| | ) | |
| v. | ) | |
| John Doe;   Road Link Inc, | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

**CONFERENCE AND
SCHEDULING ORDER**

Pursuant to the Federal Rules of Civil Procedure and the Local Civil Rules (D.S.C.), the following schedule is established for this case.

1. A conference of the parties pursuant to Fed. R. Civ. P. 26(f) ("Rule 26(f) conference") shall be held no later than 20 days from the date of the original conference and scheduling order. At conference the parties shall confer concerning all matters set forth in Fed. R. Civ. P. 26(f) and whether the schedule set forth in this order is appropriate.

2. No later than fourteen (14) days after the Rule 26(f) conference the required initial disclosures under Fed. R. Civ. P. 26(a)(1) shall be made.

3. No later than fourteen (14) days after the Rule 26(f) conference the parties shall file a Rule 26(f) Report using the form from the court's website. With this Report, counsel for each party shall file and serve a statement certifying that counsel has (1) discussed the availability of mediation with the party; (2) discussed the advisability and timing of mediation with opposing counsel; and advise the court whether the parties agree to mediation. Parties are hereby notified that Local Civil Rule 26.03 lists additional queries to be answered in the Rule 26(f) Report.

4. Motions to join other parties and amend the pleadings (Fed. R. Civ. P. 16(b)(3)(A)) shall be filed no later than **September 28, 2026.**

5. Plaintiff(s) shall file and serve a document identifying by full name, address, and telephone number each person whom Plaintiff(s) expects to call as an expert at trial and certifying that a written report prepared and signed by the expert including all information required by Fed. R. Civ. P. 26(a)(2)(B) has been disclosed to other parties by **October 28, 2026**

2

(Fed. R. Civ. P. 26(a)(2)).[1]

6. Defendants shall file and serve a document identifying by full name, address, and telephone number each person whom Defendant(s) expects to call as an expert at trial and certifying that a written report prepared and signed by the expert including all information required by Fed. R. Civ. P. 26(a)(2)(B) has been disclosed to other parties by **November 30, 2026** (Fed. R. Civ. P. 26(a)(2)).

7. Counsel shall file and serve affidavits of records custodian witnesses proposed to be presented by affidavit at trial no later than **November 30, 2026**. Objections to such affidavits must be made within fourteen (14) days after the service of the disclosure. (*See* Fed. R. Evid. 803(6), 902(11), or 902(12) and Local Civil Rule 16.02(D)(3)).

8. Discovery shall be completed no later than **December 30, 2026**. Discovery shall be deemed completed within this time only if discovery is initiated at such time as to afford the responding party the full time provided under the applicable rule of the Federal Rules of Civil Procedure in which to respond prior to the discovery completion date noted in this paragraph.

   **(The parties may, with the consent of all counsel, conduct discovery up to the time of trial, provided the deadlines in this order are not affected and at their own risk.)**

9. All other motions, except (a) those relating to the admissibility of evidence at trial and (b) those to compel discovery, shall be filed no later than **January 06, 2027**. Fed. R. Civ. P. 16(b)(2).

10. Mediation shall be completed in this case on or before **January 13, 2027**.[2]

11. This case is subject to being called for jury selection and/or trial the later of sixty (60) days after dispositive motions have been resolved or on or after **March 2027 term of court**. Once a specific jury selection and trial date are scheduled, a Trial Notice will be issued at that time. The Notice will set forth deadlines for the Fed. R. Civ. P. 26(a)(3) pretrial disclosures and objections, Motions in Limine, Pretrial Briefs, and marking of exhibits.

---

[1] Concurrent with the identification of each expert and subject matter, each party shall serve (but not file): 1) a complete copy of the most current curriculum vitae of each expert or a detailed summary of his qualifications to testify on each identified subject; 2)(a) a complete statement of all opinions to be expressed by each expert and the basis and reasons therefor; (b) the data and other information considered by the expert in forming the opinions, (c) any exhibits to be used as a summary of or support for the opinions, and (d) citations of any treatise, text or other authority upon which each expert especially relied; and 3) a copy of each expert's report if a report has been prepared.

[2] *See* Standing Order to Conduct Mediation of Judge Clarke for additional mediation requirements applicable to this case, available at www.scd.uscourts.gov under Judge Clarke: Form Orders and Instructions.

**A request for a continuance of the trial date must be agreed to and signed by the party and his attorney requesting and/or consenting to the continuance.**

**The court directs the parties' attention to Local Rule 7.00 which governs motion practice. Hearings on motions are not automatic. The court may decide motions without a hearing. If a party opposes a motion which has been filed, that party must file a response to the opposed motion within fourteen (14) days of the date the motion was filed. If no such response in opposition is filed, the court will assume that the party consents to the court's granting the motion.**

Honorable Sheria Akins Clarke
United States District Judge

July 13, 2026
Columbia, South Carolina

# SPECIAL NOTICE TO COUNSEL

*Please carefully review the following instructions which relate to problems which frequently arise regarding scheduling orders and related litigation management issues.*

## COURTESY COPIES

Attorneys should mail courtesy copies of any filed documents if that document, along with all related memoranda and attachments, exceeds 25 pages. All courtesy copies over 50 pages should be in bound form with exhibits indexed and tabbed. Courtesy copies should be mailed to the Greenville location: **U.S. District Court, 250 E. North Street, Greenville, SC 29601**.

## CORRESPONDENCE BETWEEN COUNSEL

Attorneys should refrain from copying the Court on correspondence between counsel. If correspondence relates to a pending motion and is relevant to issues before the court, the correspondence should be filed as an exhibit.

## EXTENSION OF DEADLINES

The deadlines in scheduling orders issued by this court are established after review of the parties' Fed. R. Civ. P. 26(f) reports and interrogatory responses with careful consideration to the nature of the case and the times requested for discovery. For this reason, extensions should *seldom* be necessary. If, however, it becomes necessary to seek an extension, you must file a motion addressing the following:

- Date of the current deadline;
- Whether the deadline has been extended before;
- The number of additional days requested, and proposed new deadline;
- Whether the extension would affect other deadlines; and
- If opposing counsel agrees to or opposes the extension.

**Do not** wait until the last day before the deadline to request an extension. **Do not** call chambers to determine if the extension has been granted. You may, however, call the docket clerk in the Clerk's Office.

## FILING OF CONFIDENTIAL MATERIAL

The parties' attention is specifically directed to Local Civil Rule 5.03 regarding the filing of confidential material.

## WEBSITE

The District of South Carolina maintains a web site with various forms and resources, **including**

**Judge Clarke's specific preferences and standard forms**, at www.scd.uscourts.gov.