**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

**COLUMBIA DIVISION**

| | | |
|---|---|---|
| **Candace Bethea,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**John Doe and Road Link Inc.,**<br><br>**Defendants.** | ) | **Civil Action No.: 3:26-cv-02686-SAC (formerly 2026CP2800010)**<br><br>**JOINT RULE 26(f) REPORT AND LOCAL RULE 26.03 RESPONSES** |

**TO: THE UNITED STATES DISTRICT COURT:**

The parties have conferred and jointly submit the following Rule 26(f) Discovery Plan pursuant to Rule 26(f) of the Federal Rules of Civil Procedure.

**I. CIVIL RULE 26(f) DISCOVERY PLAN**

(A) What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made.

**RESPONSE: The parties will provide their Rule 26(a) disclosures but request a one month extension of the deadline to September 17, 2026.**

(B) The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.

**RESPONSE: Discovery may be needed on the facts and circumstances surrounding the underlying incident giving rise to the allegations of Plaintiff's Complaint, as well any damages sustained by Plaintiff. Discovery should be completed by the date noted**

**in the proposed Amended Scheduling Order. At this time, the parties are unaware of any extraordinary issues in the case.**

(C) Any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced.

**RESPONSE: The parties do not anticipate issues regarding discovery of electronically stored information at this time.**

(D) Any issues about claims of privilege or of protection as trial-preparation materials, including, if the parties agree on a procedure to assert these claims after production, whether to ask the court to include their agreement in an order.

**RESPONSE: No issues regarding claims of privilege or protection as to trial preparation materials have yet arisen in the case. The parties will advise the court in writing if any such issues arise.**

(E) What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed.

**RESPONSE: The parties are not aware of any changes that should be made in the limitations on discovery at this time.**

(F) Any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).

**RESPONSE: None at this time.**

## II. LOCAL CIVIL RULE 26.03 REPORT

A short statement of the facts of the case.

**RESPONSE: This lawsuit arises from a motor vehicle collision that occurred on May 13, 2025 on Interstate 20 near Lugoff, South Carolina. Plaintiff alleges that both she and an unnamed driver of a tractor-trailer were driving in the right-hand lane on Interstate 20 westbound. Plaintiff alleges that, after merging into the left-hand lane, the unnamed driver then merged into the left-hand lane, striking Plaintiff's vehicle and causing her to be injured.**

The names of the fact witnesses likely to be called by the party and a brief summary of their expected testimony.

**<u>RESPONSE</u>:**

> **Plaintiff Candace Beathea, in her capacity as the Plaintiff. Plaintiff is expected to testify concerning her recollection of the collision, any property damage, the injuries she sustained, and the medical treatment she required.**
>
> **Trooper N.B. Toliver was responsible for responding to the scene of the accident and generated the accident report. Trooper Toliver is expected to testify as to the subject collision and the subsequent investigation by the South Carolina Department of Public Safety.**
>
> **Medical Providers for Plaintiff who provided treatment for any alleged injuries received as a result of this incident.**
>
> **A corporate representative of Defendant Road Link is expected to testify regarding Road Link's knowledge related to the collision.**
>
> **Defendant reserves the right to supplement this answer pursuant to F.R.C.P. and/or scheduling order.**
>
> **Any other witnesses of which the parties may become aware throughout the course of discovery.**

The names and subject matter of expert witnesses (if no witnesses have been identified, the subject matter and field of expertise should be given as to experts likely to be offered).

**<u>RESPONSE</u>: No expert witnesses have been identified at this time.**

A summary of the claims or defenses with statutory and/or case citations supporting same.[1]

**<u>RESPONSE</u>:**

**For the Plaintiff: Plaintiff has asserted claims of negligence *per se* (*see Kennedy v. Griffin*, 595 S.E.2d 248, 251–52 (S.C. Ct. App. 2004) and S.C. Code Ann. § 56-05-2330(B)) and**

[1] Generic references to the "general common, statutory or regulatory law" of the relevant jurisdiction will not be deemed an adequate response. Neither are lengthy discussions of commonly applied claims and defenses required. For most causes of action or defenses, a single citation to a single statute or case establishing the elements will suffice.

**negligence (*see Fettler v. Gentner*, 722 S.E.2d 26, 29 (S.C. Ct. App. 2012)) against John Doe, the driver, as well as vicarious liability, negligent hiring, training, supervision, and retention (*see James v. Kelly Trucking Co.*, 661 S.E.2d 239, 330–31 (S.C. 2008) (discussing both vicarious liability and direct liability for employers)) and negligent selection of an independent contractor (*see Ruh v. Metal Recycling Servs., LLC*, 889 S.E.2d 577, 579 (S.C. 2023) ("Yes, the principal in an independent contractor relationship may be subject to liability for physical harm proximately caused by the principal's own negligence in selecting the independent contractor.") as to the Defendant Company.**

---

**For the Defendant: Defendant has answered and denied Plaintiff's allegations and demands strict proof thereof, in accordance with Plaintiff's burden of proof in a civil action such as this one. Defendant has also asserted failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendant has also cited the doctrine of comparative negligence as described in South Carolina Code Section 15-38-15 and the case law of South Carolina. Defendant has also asserted the defenses of intervening and superseding negligence (*see Matthews v. Porter*, 239 S.C. 620, 124 S.E.2d 321 (1962)); sudden emergency *(see Elrod v. All*, 243 S.C. 425, 134 S.E.2d 410 (1964)); assumption of known risk (*see Turner v. Sinclair Ref. Co.*, 254 S.C. 36, 173 S.E.2d 356 (1970)); and unavoidable accident (*see Grier v. Cornelius*, 247 S.C. 521, 148 S.E.2d 338 (1966)). These defenses would be used to show that the Defendant is either not liable or partially liable. Defendant asserts the doctrine of waiver and estoppel (*see King v. James*, 388 S.C. 16, 694 S.E.2d 35 (Ct. App. 2010)); statute of limitations (see S.C. Code Ann. 15-3-530); spoliation (*see Cole Vision Corp. v. Hobbs*, 394 S.C. 144, 714 S.E.2d 537 (2011)); and any other defense that may be discovered as discovery as this case progresses. Finally, Defendant asserts that Plaintiff's claim for punitive damages violates the Constitution of the United States and the Constitution of South Carolina.**

Absent special instructions from the assigned Judge, the parties shall propose dates for the following deadlines listed in local Civil Rule 16.02.

> **<u>RESPONSE</u>: A consent proposed amended scheduling order is being submitted contemporaneously herewith.**

Any special circumstances that would affect the time frames applied in preparing the scheduling order:

> **<u>RESPONSE</u>: The parties are not aware of any special circumstances that would affect the time frames applied in preparing the scheduling order.**

Any additional information requested in the Pre-Scheduling Order or otherwise requested by the assigned judge.

**RESPONSE: The parties agree with the Court's order for mediation.**

[*Signature page to follow*]

Respectfully submitted,

s/Jonathan D. Graham
Jonathan D. Graham
Federal Bar No. 13969
E-Mail: jgraham@forthepeople.com
Morgan & Morgan, P.A.
4401 Belle Oaks Drive, Suite 300,
North Charleston, SC 29405
(843) 947-6063

**(Attorney for the Plaintiff)**

August 19, 2026

s/Aaron J. Hayes
Mark S. Barrow Fed. I.D. No. 1220
Aaron J. Hayes Fed. I.D. No. 11196
Jacob M. Kaufman Fed. I.D. No. 14615
Sweeny, Wingate & Barrow, P.A.
Post Office Box 12129
Columbia, SC 29211
(803) 256-2233
msb@swblaw.com
ajh@swblaw.com
jmk@swblaw.com

**(Attorneys for Road Link Inc.)**

August 19, 2026